**SUMMONS ISSUED**

CV 12 5939

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 30 2012 ★

LONG ISLAND OFFICE

LAFLEUR BOYEA on behalf of herself and
all other similarly situated consumers

               Plaintiff,

-against-

**COGAN, J.**

RECEIVABLE ASSET MANAGEMENT, INC
d/b/a KRAMER & ASSOCIATES

               Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Lafleur Boyea seeks redress for the illegal practices of Receivable Asset Management, Inc. d/b/a Kramer & Associates in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Hackensack, New Jersey.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Lafleur Boyea*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 28, 2012 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. The said collection letter states in pertinent: "All communication & correspondence must be handled through our office from here forward and we are instructed to proceed forthwith against you with appropriate action as deemed necessary to recover the amount due. Unless within 30 days of your receipt of this notice, you notify us that you dispute the validity of this debt or any portion thereof, it will be assumed to be correct. If you notify this office in writing within thirty days that you dispute the validity of this

debt or any portion thereof, we will obtain verification of the debt and mail you a copy of such verification...."

13. Said language contradicts the Plaintiff's right to dispute the debt for the entire initial thirty day period, as the initial language implies that the Defendant is going to take immediate action.

Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "Importantly, the FDCPA does not assume that the recipient of a collection letter is aware of h[is] right to require verification of the debt. Instead, the statute requires the debt collector to inform the debtor of his rights by sending him a 'validation notice' with the initial dunning letter (or within 5 days thereafter)." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d 1060,1064(D. Minn. 2008). (One of the reasons for requiring notice is to "ensure that debt collectors [give] consumers adequate information concerning their legal rights."), Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17 News 1695, 1702). (However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever. Id. It is therefore in the interest of an unscrupulous debt collector to not actually alert the consumer to his or her rights. Overshadowing occurs not only when the validation notice contains contradictory language, but also when the overall tenor, form, and context of the communication would mislead the least

sophisticated debtor and encourages him to disregard his rights.), Terran v. Kaplan,109 F.3d 1428, 1432 (9th Cir.1997); see also Voris v. Resurgent Capital Services, L.P., 494 F. Supp. 2d 1156,1163 (S.D.Cal. 2007). See also Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996). (A notice is overshadowing or contradictory if least sophisticated consumer would be confused as to the consumer's rights. Thus, it makes sense that under the FDCPA, notice of the thirty-day validation period is mandatory, but is not, under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must "effectively convey" the notice to the debtor.), Smith v. Computer Credit, Inc., 167 F. 3d 1052, 1054 (6th Cir. 1999). (To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard.), See Clark Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006). (The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."), Smith,167 F.3d at 1054, quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988)).

14. In this case, when confronted with Kramer & Associates' letter threatening to "proceed forthwith against you with appropriate action as deemed necessary." A demand for payment or action by the consumer within a time less than the disclosed thirty-day validation period contradicts § 1692g(a) and thus violates the FDCPA.
See U.S. v. National Financial Services, 98 F.3d 131, 139 (4th Cir.1996), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2nd Cir.1996), Miller v.Payco-General Am. Credits,

Inc., 943 F.2d 482, 484 (4th Cir.1991), Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1226 (9th Cir. 1988).

15. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

16. Said language is also a threat to take unintended legal action.

17. Defendant violated § 1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

## AS AND FOR A FIRST CAUSE OF ACTION

*tions of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

18. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through seventeen (17) as if set forth fully in this cause of action.

19. This cause of action is brought on behalf of Plaintiff and the members of a class.

20. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint concerning Best Buy CO. Inc. (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) the collection letter was not returned by the postal service as undelivered (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights, engaging in deceptive and falsely

threatening practices, and for a threat of unintended legal action.

21. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

22. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

26. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 28, 2012

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*

Adam J. Fishbein (AF-9508)

-8-

Y125E885F8

P.O. Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

# KRAMER & ASSOCIATES

| | |
|---|---|
| Account #: | 7001191143268655 |
| Claim #: | 214967 |
| Amount Due: | $1,766.33 |

0008020024008812391111226226763-1YA--Y125E885F8 3847
AC10 - 3847
LAFLEUR BOYEA
337 Lenox Rd Apt 6C
Brooklyn NY 11226-2267



KRAMER & ASSOCIATES
401 HACKENSACK FL 9
HACKENSACK NJ 07601-6402

*** Detach Upper Portion And Return With Payment ***       3847-SFKRAM10-AC10-12/21/2010

August 28, 2012

## NOTIFICATION OF DELINQUENT ACCOUNT

Original Creditor:   BEST BUY CO. INC.

Account #: 7001191143268655
Claim #: 214967
Amount Due: $1,766.33

   The above mentioned matter has been referred to this office in reference to the collection of a past due balance totaling: $1,766.33.

   This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose.

   All communication & correspondence must be handled through our office from here forward and we are instructed to proceed forthwith against you with appropriate action as deemed necessary to recover the amount due. Unless within 30 days of your receipt of this notice, you notify us that you dispute the validity of this debt or any portion thereof, it will be assumed to be correct. If you notify this office in writing within thirty days that you dispute the validity of the debt or any portion thereof, we will obtain verification of the debt and mail you a copy of such verification. If you request verification within 30 days, we will provide you with the name and address of the original creditor (if different from the current creditor.)

   *All payments must be drawn payable to 'Kramer & Associates'* and sent to the address at the top of this letter. Upon receipt and clearance of $1,766.33 all liable parties will be released from any and all obligations that have arisen or that shall arise with respect to this debt. For your convenience and to expedite your Release & Satisfaction Letter, we accept payments-by-phone (checks, credit-debit cards).

**KRAMER & ASSOCIATES**
1-(877) 968-0327 - (EXT. 202)

401 Hackensack Ave Ninth Floor • Hackensack, NJ 07601 • Tel: (201) 968-0327 Toll Free (877) 968-0327 • Fax: (201) 968-0116